IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**JOHNNIE T. MARCHISIO**,

    Plaintiff,

vs.

**PSL DONUTS, LLC d/b/a
DUNKIN' DONUTS,**

    Defendant.
_____/

## COMPLAINT

Plaintiff, Johnnie T. Marchisio (Ms. Marchisio), by and through her undersigned counsel, sues Defendant, PSL Donuts LLC d/b/a Dunkin' Donuts ("Dunkin' Donuts"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action brought by Ms. Marchisio against Dunkin' Donuts for violations of 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act ("ADEA") and § 760.10, *Florida Statutes,* the Florida Civil Rights Act ("FCRA").

2. This Court has federal question jurisdiction over Ms. Marchisio's ADEA claim pursuant to 28 U.S.C. § 1331 as well as pendent jurisdiction over her state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this jurisdiction where the actions giving rise to the causes of action occurred in St. Lucie County, Florida.

### ADMINISTRATIVE REQUIREMENTS

4. All conditions precedent to the maintenance of this action have been met.

5. On or about February 28, 2019, Ms. Marchisio timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as Exhibit "A."

6. On March 2, 2021, after a lengthy investigation, the EEOC issued its Notice of Right to Sue, in which it noted its determination that there was "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge . . ." A copy of the Notice of Right to Sue is attached hereto as Exhibit "B."

7. Ms. Marchisio has timely filed this suit in accordance with the ninety (90) day window after her receipt of the EEOC Notice of Right to Sue.

## **PARTIES**

8. At all relevant times, Ms. Marchisio was over the age of fifty-five and a resident of St. Lucie County, Florida.

9. At all relevant times, Dunkin' Donuts was and is duly authorized and licensed to do business in St. Lucie County, Florida.

10. At all times material, Dunkin' Donuts was and is engaged in the business of selling coffee and food products at 1820 SW Fountainview Boulevard, Port St. Lucie, Florida (the "Store"), with more than twenty (20) employees.

11. Dunkin' Donuts owns and/or operates the Store.

## **GENERAL ALLEGATIONS**

12. On or about July 22, 2018, Ms. Marchisio visited the Store and saw a sign stating that Dunkin' Donuts was hiring. Ms. Marchisio filled out an application and applied for the position of cashier/customer service.

15012850v.3

13. After Ms. Marchisio finished filling out the application, she spoke with Cassie Hill, the manager of the Store. Ms. Hill explained that, because she was a new manager, the general manager was handling the hiring process. Ms. Hill stated that she would give the general manager Ms. Marchisio's application and to expect a call from her.

14. Approximately two weeks later, when Ms. Marchisio had not heard from the general manager or anyone else from Dunkin' Donuts about her application, she called Ms. Hill to follow-up. Ms. Hill advised that she would remind the general manager to call Ms. Marchisio to discuss her application.

15. After another week passed with no contact from the general manager or anyone else from Dunkin' Donuts, Ms. Marchisio called Ms. Hill a second time to follow-up.

16. Ms. Hill informed Ms. Marchisio that: "there was probably something on your application." Specifically, Ms. Hill advised that she thought the general manager had "mentioned something about your age" and concerns that Ms. Marchisio would not be able to keep up with the fast pace of the job. Ms. Marchisio explained that she had just worked for FedEx for twenty-one months unloading trucks, she had excelled in that position and the general manager could call her supervisor at FedEx for a reference. Ms. Hill stated that she would call the general manager again and see if she still had Ms. Marchisio's application.

17. Approximately three days later, Ms. Marchisio called Ms. Hill a third time, as she still had not received a call from the general manager, despite her qualifications and Ms. Hill's insistence that she was relaying her messages. Ms. Hill advised that she believed the general manager had thrown away Ms. Marchisio's application.

18. Ms. Marchisio's conversations with Ms. Hill confirmed that Dunkin' Donuts refused to consider her application for employment because of her age. Indeed, prior to this

incident, Ms. Marchisio had visited the Store several times a week for six years and does not recall ever seeing employees over the age of forty.

19. Despite the general manager's purported concerns that Ms. Marchisio would not be able to keep up with the fast pace of the job, Ms. Marchisio was more than qualified for the position. Specifically, Ms. Marchisio had prior experience waiting tables at a busy Cracker Barrell, and as relayed to Ms. Hill, she had recently worked at FedEx unloading trucks. Accordingly, there was no legitimacy to the general manager's alleged concerns.

20. As discussed above, after the above-referenced discriminatory acts occurred, Ms. Marchisio filed a Charge with the EEOC.

21. After investigating the Charge, the EEOC issued a Letter of Determination on October 29, 2020.

22. In the Letter of Determination, the EEOC states that the "[e]vidence indicates that the majority of the staff employed by Respondent is under the age of 40. Specifically, in 2018 – the year in question – Respondent hired 284 employees; only 36 (13%) were over the age of 40." A copy of the Letter of Determination is attached hereto as Exhibit "C."

23. The EEOC's Letter of Determination confirms the veracity of Ms. Marchisio's allegations, i.e., that despite being qualified for the position, including having experience with heavy lifting and waiting tables, Dunkin' Donuts refused to hire her because of her age.

24. As a result of Dunkin' Donuts' unlawful actions, Ms. Marchisio hired the law firm of Becker & Poliakoff, P.A., and has agreed to pay it all reasonable attorneys' fees and costs incurred by it for rendering services on her behalf.

25. All conditions precent have occurred, were performed or have been waived.

## COUNT I – AGE DISCRIMINATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

26. Ms. Marchisio hereby re-alleges and re-asserts paragraphs 1 through 25 and incorporates them as if fully set forth herein.

27. Dunkin' Donuts is an "employer" as defined by § 760.02(7) of the Florida Statutes.

28. Ms. Marchisio is over the age of forty and as such is guaranteed specific civil rights under the FCRA.

29. Ms. Marchisio was qualified for the position at the Store when Dunkin' Donuts failed or refused to consider her application for employment solely because of her age.

30. Dunkin' Donuts' actions are violations of the FCRA because Dunkin' Donuts discriminated against Ms. Marchisio by refusing to consider her application for employment solely based on her age.

31. Ultimately, Dunkin' Donuts hired someone younger than Ms. Marchisio.

32. As a direct and proximate result of Dunkin' Donuts' conduct, Ms. Marchisio has suffered damages, including past and future lost wages and benefits, the costs of bringing this action and other non-economic damages.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 *Et Seq.*

33. Ms. Marchisio hereby re-alleges and re-asserts paragraphs 1 through 25 and incorporates them as if fully set forth herein.

34. Dunkin' Donuts is an "employer" as defined by 29 U.S.C. § 630(b).

35. Ms. Marchisio is over the age of forty and as such she is guaranteed specific civil rights under the ADEA.

36. Ms. Marchisio was qualified for the position at the Store when Dunkin' Donuts failed or refused to consider her application for employment solely because of her age.

37. Ultimately, Dunkin' Donuts hired someone younger for the position instead of Ms. Marchisio.

38. Ms. Marchisio suffered damages as a result of Dunkin' Donuts' unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

39. Dunkin' Donuts willfully violated Ms. Marchisio's rights under the ADEA and, as a result, is liable for liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Marchisio prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Dunkin' Donuts under the applicable counts set forth above, mandating Dunkin' Donuts' compliance with the laws enumerated herein and providing other equitable relief to Ms. Marchisio;

(c) enter judgment against Dunkin' Donuts and in favor of Ms. Marchisio awarding her damages from Dunkin' Donuts for its violations of the law as stated herein as well as interest;

(d) enter judgment against Dunkin' Donuts and in favor of Ms. Marchisio permanently enjoining Dunkin' Donuts from future violations of the laws stated herein;

(e) enter judgment against Dunkin' Donuts and in favor of Ms. Marchisio awarding Ms. Marchisio her attorneys' fees and costs; and

      (f)    grant all such further relief as deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Ms. Marchisio demands a trial by jury against Dunkin' Donuts on all issues so triable.

Respectfully submitted this 2nd day of June 2021.

        BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff, Johnnie T. Marchisio*
625 N. Flagler Drive, 7th Floor
West Palm Beach, FL 33401
Tel: (561) 655-5444
Fax: (561) 832-8987
Email: jdokovna@beckerlawyers.com
       dkuczynski@beckerlawyers.com
Alt. Email: bmichenfelder@beckerlawyers.com

By:  */s/ Jamie B. Dokovna*
     Jamie B. Dokovna, Esq.
     Florida Bar No. 592722
     Dana B. Kuczynski, Esq.
     Florida Bar No. 1002612

15012850v.3