UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-14225-CV-CANNON/MCCABE

JOHNNIE T. MARCHISIO,

    Plaintiff,

v.

PSL DONUTS, LLC d/b/a/ DUNKIN DONUTS,

    Defendant.
_____/

## REPORT & RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Nontaxable Costs ("Motion") (DE 86), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 87). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART and DENIED IN PART.**

**I.  BACKGROUND**

Plaintiff brought a two-count complaint alleging violations of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Florida Civil Rights Act, § 760.01, Fla. Stat., *et seq.* ("FCRA") (DE 1). After a three-day trial, the jury returned a verdict in Plaintiff's favor on both claims, and the Court thereafter entered Final Judgment on September 22, 2021, in the amount of $14,000 (DE 77). This Motion followed, seeking an award of prevailing party attorneys' fees and nontaxable costs (DE 86).

## II. DISCUSSION

Plaintiff seeks $202,610.00 in attorneys' fees and $5,334.98 in nontaxable costs (DE 56 at 8).[1] The Court will address each request separately.

### A. Attorneys' Fees

Plaintiff seeks prevailing party attorneys' fees pursuant to the ADEA and the FCRA (DE 86). The ADEA incorporates selected provisions of the Fair Labor Standards Act ("FLSA"), including provisions related to attorneys' fees. *See* 29 U.S.C. § 626(b) (attorneys' fees provisions of the FLSA apply to actions brought under the ADEA). The FLSA, in turn, provides that "[t]he court in such [an] action [filed pursuant to this section] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The FCRA likewise provides that the Court, in its discretion, may allow a reasonable attorneys' fee to the prevailing party. *See* § 760.11(5), Fla. Stat. The statute goes on to direct that "this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." *Id.* Title VII's attorney's fee provision, in turn, provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k).

---

[1] In the moving papers on this Motion, the parties accuse one another of violating Local Rule 7.3, which governs the procedure for seeking attorneys' fees and attempts to promote voluntary resolution of such motions without court intervention by way of a mandatory conferral process. The Court finds it unnecessary to address the merits of the parties' respective arguments. Rather, the Court has reviewed all attorneys' fees and nontaxable expenses incurred by Plaintiff, both before and after the conferral process took place, and the Court bases this Report and Recommendation on its own assessment of the claimed fees and expenses, regardless of any objections based on Local Rule 7.3.

Under both the ADEA and the FCRA, therefore, Plaintiff may recover "reasonable" attorneys' fees. A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (cleaned up). This number, often referred to as the "lodestar," carries a strong presumption of reasonableness, but may be adjusted by the court. *Id.* at 427 (cleaned up); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). A fee applicant bears the burden to prove reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988). In addition, a court may use its own experience in assessing the reasonableness of attorneys' fees. *Id.*

### 1. Hourly Rates

The first step in calculating the lodestar is to determine reasonable hourly rates. Here, Plaintiff seeks $202,610.00 in attorney's fees, representing 588.60 hours billed by eleven timekeepers who work for Becker & Poliakoff, P.A. ("Becker & Poliakoff"), at varying hourly rates (DE 86 at 9; DE 86-4; DE 86-3). Defendant does not challenge these hourly rates (DE 88 at 3). Upon independent review of the hourly rates and each timekeeper's credentials, the Court finds the requested rates to be reasonable.

### 2. Hours Spent

The next step in calculating the lodestar is to determine the reasonable number of hours expended on the case. Plaintiff submitted thirty-two pages of billing records for time incurred by Becker & Poliakoff from the EEOC phase of the case (September 2020) through the instant Motion (November 2022) (DE 86-4). Over that time, Becker & Poliakoff expended 588.60 hours (DE 86-4).

Having reviewed the billing entries, the Court finds these hours should be reduced. In particular, the Court finds eleven timekeepers to be excessive for a case of this size and level of complexity. *See, e.g.*, *Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2022 WL 3904327, at *3 (S.D. Fla. July 26, 2022) (finding eight timekeepers excessive in three-year long case and reducing fee award); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *3 (S.D. Fla. Aug. 7, 2017), *R. & R. adopted*, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017), (finding six timekeepers excessive in a two-year long case and reducing fee award); *see also Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17-22462-CIV, 2019 WL 12265725, at *8, n.3 (S.D. Fla. Dec. 20, 2019) (reduction in fees for "possible redundancy or inefficiency related to the work of multiple timekeepers").

Also, the Court finds that Becker & Poliakoff expended an excessive number of hours on certain phases of the case, including the drafting the complaint, management or "recharting" of documents, litigating the summary judgment phase, and certain other trial-related tasks. Moreover, since the date of Final Judgment on September 22, 2021, Becker & Poliakoff has expended an additional 66.7 hours on the case, which the Court finds to be excessive (DE 86-4 at 29-32). Overall, therefore, the Court finds that a loadstar reduction should be made in this case.

   **3.**  ***Lodestar Reduction***

In making adjustments to the loadstar, courts need not make line-by-line reductions to billing entries, but can instead apply "an across-the-board cut." *Bivins*, 548 F.3d at 1350. In this regard, courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

Based on the Court's own independent review of the billing records submitted, the Court finds an across-the-board reduction of 15% should be applied to account for the concerns raised

4

above in section II.A.2. *See Shipping & Transit, LLC v. 1A Auto, Inc.*, No. 16-CV-81039, 2017 WL 5001445, at *11 (S.D. Fla. Sept. 26, 2017) (adopting the recommendation for a 15% reduction for billing inefficiencies). The Court has considered the applicable *Johnson*[2] factors and finds the adjusted lodestar to be reasonable. The Court has also considered, but finds unpersuasive, Defendant's arguments that the lodestar should be reduced beyond 15%. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983) ("[I]t is [not] necessarily significant that a prevailing plaintiff did not receive all the relief requested."). Rather, the Court finds a 15% reduction to be reasonable and therefore recommends that Plaintiff be awarded $172,218.50 in attorneys' fees ($202,610.00 reduced by 15%).

### B. Nontaxable Costs

Plaintiff seeks the following nontaxable costs in the total amount of $5,334.98:[3]

1. $2,738.52 in Westlaw fees;
2. $1,681.30 in Electronic Storage fees;
3. $4.10 for PACER costs;
4. $2.67 representing costs for U.S. Mail;
5. $685.44 representing counsel lodging expenses; and
6. $222.95 representing meals for pre-trial preparation and during trial.

(DE 86-3 at 4). In support, Plaintiff attached a chart of costs, a supporting declaration, and receipts for lodging and meals during pre-trial preparation and during trial (DE 86-4; DE 86-5).

---

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974).

[3] The Court previously granted Plaintiff's Unopposed Motion for Taxable Costs (DE 84).

The Court denies items (1) through (4) because Plaintiff has not provided sufficient explanation for the necessity or reasonableness of these costs. As an example, Plaintiff provided a chart with apparent end-of-the-month Westlaw costs with a description "Computerized Legal Research" (DE 86-5 at 2). However, Plaintiff did not provide a Westlaw invoice or other detailed description that would allow the Court to determine whether Becker & Poliakoff actually incurred these costs from Westlaw in this case. Therefore, the Court will deny items (1) through (4) as not properly supported.

The Court will allow items (5) and (6), which are sufficiently supported with receipts that correspond to the calendar call and trial dates (DE 86-5 at 4-13). *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("Travel … expenses are not unusual."); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *10 (S.D. Fla. Aug. 7, 2017), *R. & R. adopted*, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) ("It is well settled that expenses such as reimbursement for travel, meals, lodging … are typically recoverable as non-taxable costs") (cleaned up). The Court therefore finds that Plaintiff may recover nontaxable costs in the amount of $908.39 ($685.44 for lodging + $222.95 for meals).

## III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 86) be **GRANTED IN PART and DENIED IN PART** and the District Court award Plaintiff attorneys' fees in the amount of **$172,218.50** and nontaxable costs in the amount of **$908.39.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of December 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE