UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14225-CIV-CANNON/McCabe

**JOHNNIE T. MARCHISIO**,

    Plaintiff,

v.

**PSL DONUTS, LLC**,

    Defendant.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 90]

**THIS CAUSE** comes before the Court upon Plaintiff Johnnie T. Marchisio's Motion for Attorneys' Fees and Nontaxable Costs (the "Motion") [ECF No. 86]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 87]. On December 22, 2022, Judge McCabe issued a report recommending that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded $172,218.50 in attorneys' fees and $908.39 in nontaxable costs (the "Report") [ECF No. 90]. The attorneys' fees recommended in the Report ($172,218.50) represent a 15% reduction from the lodestar amount of $202,610.00 requested by Plaintiff's counsel [ECF No. 90 p. 5]. Defendant filed Objections to the Report, seeking a larger reduction of 50% from the lodestar [ECF No. 91], and Plaintiff filed a Response to Defendant's Objections [ECF No. 92].[1] The Court has reviewed the Report [ECF No. 90], Defendant's Objections [ECF No. 91], Plaintiff's Response [ECF No. 92], and the full record. For the reasons

---

[1] Plaintiff did not file objections to the Report.

set forth below, the Report [ECF No. 90] is **ACCEPTED IN PART AND REJECTED IN PART**.

## RELEVANT BACKGROUND

On September 22, 2022, a jury returned a verdict in favor of Plaintiff [ECF No. 77]. On September 23, 2022, the Court entered final judgment in favor of Plaintiff on Plaintiff's claims for age discrimination under the Age Discrimination in Employment Act and Section 760.10 of the Florida Civil Rights Act [ECF No. 79]. Subsequent to the Court's entry of final judgment, Plaintiff filed the instant Motion for Attorneys' Fees and Nontaxable Costs (the "Motion"), seeking $202,610.00 in attorneys' fees and $5,334.98 in nontaxable litigation costs and expenses (for a total of $207,944.98) [ECF No. 86 p. 8]. This Court referred the Motion to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 87]. On December 22, 2022, Judge McCabe issued a report, recommending that the Motion be granted in part and denied in part, and that Plaintiff be awarded $172,218.50 in attorneys' fees and $908.39 in nontaxable costs [ECF No. 90 p. 6]. The Report is ripe for adjudication [ECF Nos. 91, 92].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the

record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report concluded that a reduction of Plaintiff's requested fee award by 15% was warranted due to the excessive number of timekeepers and hours expended "for a case of this size and level of complexity" [ECF No. 90 p. 4]. The Report also considered Defendant's arguments in support of a further reduction beyond 15% but found those arguments unpersuasive [ECF No. 90 p. 5]. Defendant thereafter objected to the Report's determination on that latter basis, arguing that a greater reduction is warranted due to "Plaintiff's lack of success and small ratio of recovery of $14,000.00 compared to the $202,610.00 attorney fee request" [ECF No. 91 p. 5; *see* ECF No. 91 p. 3 ("The $14,000.00 in damages recovered by the Plaintiff are only 6.9% of the $202,610.00 amount requested for attorney's fees.")].

Having considered Defendant's objections and Plaintiff's response, and upon a full review of the circumstances of the case, the Court agrees with Defendant in part that an additional reduction from the lodestar is warranted, although not to the extent sought by Defendant. Although Plaintiff is correct that she achieved success on her underlying age discrimination claims and thus is entitled to "prevailing party" status, it remains the case that "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)). Having done so, there is no dispute that Plaintiff sought an award of $228,000 in this case (comprised of compensatory damages (lost wages plus emotional distress damages), liquidated damages, and punitive

3

damages). But the jury awarded Plaintiff a much-reduced total award of $14,000 (consisting of $13,000 in compensatory damages and $1,000 in emotional distress damages). As Defendant explains, the $14,000 award represents only 6.1% of the amount sought [ECF No. 91 p. 3]. The Court has a "'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar*, 506 U.S. at 115 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). Attendant to that responsibility, the Court cannot disregard the very significant gulf between the damages sought by Plaintiff and the amount ultimately awarded by the jury. *Cf. McKenzie v. Cooper, Levins & Pastko, Inc.*, 990 F.2d 1183, 1185 (11th Cir. 1993). For that reason, and upon a review of the full circumstances of the case, the Court exercises its discretion to reduce Plaintiff's fee request by an additional 15%—for a total reduction of 30% from the lodestar, which the Court finds to be reasonable under the circumstances. The Court declines, however, to reduce the award by the 50% reduction sought by Defendant, finding that request to be unreasonable in the other direction. All told, the Court recognizes the importance of awarding attorneys' fees in civil rights cases to enable plaintiffs to enforce the civil rights laws, "even where the amount of damages at stake would not otherwise make it feasible for them to do so." *Rivera*, 477 U.S. at 577; *see also McKenzie*, 990 F.2d at 1185 n.4 (referencing additional reasons not to constrain attorney fees by the amount of recovery). But upon a review of full record, the Court determines that an award of attorneys' fees in the amount of $141,827.00 is reasonable and appropriate to vindicate the interests at stake and to properly account for Plaintiff's success in this case.[2] [3]

---

[2] The Court arrived at this number by reducing $202,610.00 by 30%.

[3] The Court accepts the Report's unobjected-to conclusion as it pertains to the award of nontaxable costs.

CASE NO. 21-14225-CIV-CANNON/McCabe

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 90] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. Plaintiff's Motion for Attorneys' Fees and Nontaxable Costs [ECF No. 86] is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff is entitled to recover attorneys' fees in the amount of $141,827.00.

4. Plaintiff is entitled to recover nontaxable costs in the amount of $908.39.

5. Plaintiff shall not be awarded any additional fees incurred in responding to Defendant's Objections [ECF No. 92 p. 5].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of February 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record